IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Otis W. Witcher,          )
    Petitioner,        )
                          )
v.                        )          1:22cv86 (LMB/TCB)
                          )
Commonwealth of Virginia, )
    Respondent.        )

MEMORANDUM OPINION

Petitioner Otis W. Witcher ("Petitioner" or "Witcher"), a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging that the Virginia Parole Board ("Board") violated his due process rights and liberty interest in the "14 point consideration . . . by denying petitioner parole only on [the] serious nature of the offense." [Dkt. No. 1] at 5. For relief he seeks to be released on parole. The respondent filed a Rule 5 Answer and a Motion for Summary Judgment, with a supporting brief, affidavit, and exhibits. The petitioner responded to the Motion for Summary Judgment by filing five motions: a Motion for Judicial Notice/Summary Judgment in which he opposes respondent's Motion for Summary Judgment [Dkt. No. 10], a Motion for Evidentiary Hearing [Dkt. No. 11], and three motions that he combined in one document titled as "Motion to Amend/Motion to Object/Summary Judgment." [Dkt. Nos. 16, 17, and 18]. Accordingly, this petition is now ripe for disposition. For the reasons that follow, respondent's Motion for Summary Judgment will be granted, all of

petitioner's motions will be denied except for the motion to amend the case caption,[1] and the petition will be dismissed with prejudice.

## I. STATEMENT OF FACTS[2]

Witcher is currently detained by the Virginia Department of Corrections at the Dillwyn Correctional Center in Dillwyn, Virginia where he is serving a 44-year sentence. [Dkt. No. 1] at ¶ 4, Encl. A. He was convicted on April 4, 1994 in the Circuit Court of the City of Richmond for one count each of voluntary manslaughter, first-degree murder, and use of a firearm in the commission of a felony. Id. at 5. On May 25, 1994, the circuit court sentenced Witcher to six years in prison for voluntary manslaughter; forty-five years in prison, with ten years suspended, for first-degree murder; and three years in prison for the use of a firearm. Id.

The Board's Policy Manual lists the following fourteen factors that it considers in determining whether an individual offender should be released on parole:

---

[1] Petitioner's Motion to Amend/Motion to Object/Summary Judgment seeks, in part, to amend the petition by substituting Harold W. Clarke, Director of the Virginia Department of Corrections as the respondent. [Dkt. Nos. 16-18]. Because respondent has not objected, the motion to amend will be granted, and the Clerk will be directed to amend the style of the case to substitute Harold W. Clarke as the respondent.

[2] Petitioner has not disputed the facts set forth in the respondent's affidavit and exhibits, which include a summary of petitioner's sentence, the Virginia Parole Board Policy Manual, and the May 6, letter memorializing the Board's May 5, 2021 decision denying him parole. The Court therefore will treat those facts as admitted by the petitioner. See E.D. Va. Loc. R. Prac. 56(B) ("In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); Gholson v. Murray, 953 F. Supp. 709, 714 (E.D. Va. 1997) (court assumes uncontroverted facts in movant's motion for summary judgment are admitted); see also JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 707 (E.D. Va. 2007) (movant's statement of undisputed facts is deemed admitted where nonmovant's response fails to "identify with any specificity which facts, if any, were disputed") (citing E.D. Va. Loc. R. Prac. 56(B)). Although petitioner argues that the Board did not address factors set out in the policy manual other than the serious nature and circumstances of the offense, he has offered no evidence to support that assertion or that the reasons provided by respondent do not establish the Board satisfied the requirements of due process.

    A. compatibility of release;

    B. basis for release;

    C. effect on institutional discipline;

    D. sentence data;

    E. present offense;

    F. prior criminal record;

    G. personal and social history;

    H. institutional experience (*i.e.* program participation and behavior);

    I. changes in motivation and behavior;

    J. release plan;

    K. community and family resources;

    L. results of scientific data;

    M. impressions gained when an interview is conducted; and

    N. information from lawyers, family members, victims, and other persons

[Dkt. No. 9-1] at 12-15. In addition, a prisoner's family members, friends, employers, attorneys, as well as the victims, victims' family members, and other interested parties may meet with a member of the Board to discuss a particular case and to offer information in support of or opposition to parole. Id. at 3, 20.

On May 5, 2021, the Board decided not to grant Witcher parole. The Board notified Witcher in a letter dated May 6, 2021. The letter explained that the Board considered

> a number of factors, including, but not limited to, whether your release would be compatible with public safety and the mutual interests of society and you; whether your character, conduct, vocational training and other developmental activities during incarceration reflect the probability that you will lead a law-abiding life in the community and live up to all conditions of parole, if released; sentencing information; facts and circumstances of the offense(s) including mitigating and aggravating factors; prior criminal history and information regarding adjustment to previous probation or parole, if any; personal history; institutional adjustment such as your response to available programs; changes in attitude toward self and others; release plans; evaluations; impressions gained when interviewed by the parole examiner; and any other information provided by your attorney, family, victims or other persons.

[Dkt. 9-1] at 58. In addition, the letter stated that in "consideration of the factors listed above and the information available" to it, the Board's decision was "based primarily on the following reasons: [1] Release at this time would diminish seriousness of crime. [2] The Board concludes that you should serve more of your sentence prior to your release on parole. [3] Serious nature and circumstances of your offense(s)." [Dkt. No. 9-1] at 58-59.

On August 9, 2021, Witcher filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, in which he raised a claim that Virginia Code § 53.1-136 created a liberty interest that the Commonwealth "violated by failing to issue a thorough investigation into [his] parole-eligibility," by denying him parole due to "the serious nature of the crime, instead of adhering to all of the mandatory eligibility requirement[s] of law." Virginia Supreme Court Record No. 210763 at 4. On November 29, 2021, the petition was denied after the court concluded that Witcher's "claims concerning denial of discretionary parole are not cognizable in a petition for habeas corpus." Id. at 13.

On January 27, 2022, Witcher filed this federal § 2254 petition, in which his only claim is that he "was deprived of his liberty interest under the Fourteenth Amendment by being denied consideration for parole per Code Va. 53.-151." [Dkt. No. 1] at 5. Specifically, petitioner claims that he "has a liberty interest in the 14-point consideration of this statute. The respondent violated the petitioner's 'Liberty Interest' by denying petitioner parole only on [the] serious nature of the offense." [Dkt. No. 1] at 5.

## II. DISCUSSION[3]

---

[3] Respondent first argues that the petition should be dismissed because, by not expressly citing the United States Constitution, Witcher did not exhaust his claim. [Dkt. No. 9] at 7-8. Petitioners are required to exhaust their claims in state court before filing a federal petition for a writ of habeas corpus. If a claim is fairly and properly presented to the highest state court, either on direct appeal or in state collateral proceedings, the claim has been exhausted. Baker v.

4

## II. DISCUSSION[3]

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of showing that there are no genuine, material factual disputes and that it is entitled to judgment based on the undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met its initial burden, the burden shifts to the non-moving party to provide evidence of specific facts, not mere allegations or denials, to show that there is a genuine dispute of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The same analysis applies with cross motions for summary judgment.

The single issue in this petition is whether the Board violated a liberty interest by denying petitioner due process when it considered his application for parole. Witcher's argument that the Board violated his right to due process is based on his assertion that the Board was required to address all of the factors listed in the Policy Manual. Petitioner points to the May 6, 2021 letter to support his claim that the Board's decision did not take into account all of the factors listed in the Policy Manual. [Dkt. No. 10] at 1 ("Being the respondent is denying the petitioner parole

---

[3] Respondent first argues that the petition should be dismissed because, by not expressly citing the United States Constitution, Witcher did not exhaust his claim. [Dkt. No. 9] at 7-8. Petitioners are required to exhaust their claims in state court before filing a federal petition for a writ of habeas corpus. If a claim is fairly and properly presented to the highest state court, either on direct appeal or in state collateral proceedings, the claim has been exhausted. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). To meet the exhaustion requirement, the petitioner "must have presented to the state court both the operative facts and the controlling legal principles." Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Witcher sought relief for denial of a "liberty interest" that he claimed existed based upon a state statute. Although he did not refer to a constitutional violation, as a pro se litigant he will be afforded the benefit of the doubt and his claim will be considered by this Court. Even if the petition was not exhausted, a court may dismiss a § 2254 petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

solely on the serious nature of the crime."); [Dkt. No. 17] at 1 ("The respondent based its consideration of [sic] only three of the 14 factor(s) thus violating the petitioner's liberty interest in the fair proceeding process.").

To address this due process claim, the Court must apply a two-step process established by the United States Supreme Court. First, the Court must determine whether the petitioner has been deprived of a liberty or property interest; and, second, if so, whether the respondent followed constitutionally sufficient procedures when it deprived petitioner of that interest. Swarthout v. Cooke, 562 U.S. 216, 219 (per curiam). In dealing with a prisoner's interest in parole, the Supreme Court has made clear that "[w]hatever liberty interest exists is, of course, a state interest created by [state] law" because "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Id. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979)).

Virginia inmates do not have a constitutional right to early release before the expiration of a lawful sentence because parole is discretionary. See, e.g., Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc) (finding that "fear or hope about a future discretionary decision is too speculative to give [the prisoner] a liberty interest"). Although Virginia law does not create a right to parole release, "the Commonwealth has created a liberty interest in parole consideration." Bowling v. Dir., Va. Dep't of Corr., 920 F.3d 192, 200 (4th Cir. 2019). The liberty interest in parole consideration is satisfied if the parole board gives the prisoner an opportunity to be heard and a statement of the reasons why parole is denied, id. at 200; however, as the Fourth Circuit held in Hill v. Jackson, 64 F.3d 163, 170 (4th Cir. 1995), prisoners do not have a liberty interest in the specific procedures that a parole board follows.

Accordingly, Witcher has a liberty interest in being considered for parole, but not in the specific procedures that the Board followed.[4] "[T]o satisfy the due process requirements triggered by this liberty interest, a parole board need only provide an offender an opportunity to be heard and a statement of reasons indicating . . . why parole has been denied." Bowling, 920 F.3d at 200 (internal quotations omitted).

Here, Witcher admits that he was provided with a statement of the reasons why he was denied parole, but asserts the statement violated his liberty interest in "the Virginia procedures and policies governing parole consideration," claiming that the Board "must investigate and weigh numerous factors" such as the petitioner's mental and physical condition "with the interest of society" to "afford[] petitioner procedural due process." [Dkt. No. 10] at 1.[5] The Board's May 6, 2021 letter satisfies petitioner's limited liberty interest; it explains what factors the Board considered and identified the reasons on which it primarily based its decision.[6] See Hoskin v. Brown, No. I:14CV759 CMH/CB, 2015 WL 5247595, at *5 (E.D. Va. Sept. 8, 2015) (holding that notification that denial of parole was based on the "serious nature and circumstances of offense" and "risk to community" was sufficient to satisfy due process); Robinson v. Fahey, 366

---

[4] Even if Witcher prevailed on his due process claim, the only remedy would be a new parole consideration. He would not be entitled to be released on parole.

[5] The Board's Policy manual includes an inmate's mental and physical condition as components of an inmates "Personal and Social History." [Dkt. No. 9-1 at 13] (Policy Manual at 3).

[6] In Burnette v. Fahey, 687 F.3d 171 (4th Cir. 2012), the Fourth Circuit considered an argument by multiple prisoners that the parole board had a blanket policy of denying parole to prisoners who were convicted of violent crimes. The Fourth Circuit upheld the district court's dismissal of the prisoners' due process claims because the prisoners "presented only speculation that the Board imposed a bar against parole for violent offenders." Id. at 183. The Fourth Circuit stated that "[s]imply put, the Board's declination to grant parole to [prisoners]—even repeatedly—based on the seriousness of their offenses cannot show that it has failed to consider other factors." Id. The same is true here and, moreover, the May 6 letter explains additional reasons and considerations for the Board's decision.

F. Supp. 2d 368, 371-372 (E.D. Va. 2005) (holding that prisoner received an explanation of the Board's decision and "[t]hat is, and was, the most to which he was entitled."), aff'd, 174 F. App'x 757 (4th Cir. 2006).

### III. CONCLUSION

The Board's denial of parole rested on three valid reasons and its procedures and letter satisfied the due process that was required. For these reasons the respondent's motion for summary judgment will be granted.[8]

In response to the respondent's motion for summary judgment, Witcher filed a motion for summary judgment [Dkt. No. 10] and a motion for an evidentiary hearing. [Dkt. No. 11]. Witcher's motion for summary judgment cites and then misconstrues a number of decisions by the United States Supreme Court and the Fourth Circuit, asserting that they support his claim that he has a liberty interest in the procedure by which the Board reached its decision and that the Board violated that interest by failing to consider the fourteen points "as set out in the statute." First, the fourteen points are not in a statute, but are instead in a Policy Manual. Second, due process does not entitle him to a specific process, but rather to an opportunity to be heard and a statement of the reason that parole was denied. See Bowling, 920 F.3d at 200. Third, although not required, the May 6 letter makes clear that the Board considered many factors in addition to the seriousness of the offense. Witcher has not alleged or produced any evidence showing he was denied an opportunity to be heard, and the undisputed facts show that he was provided a clear statement of the reasons for the parole denial. Therefore, there is no need for a hearing

---

[8] To the extent that petitioner's claim is construed as a § 1983 claim, the claim has no merit. See Brown v. Johnson, 169 F. App'x 155, 157 (4th Cir. 2006) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)) (affirming dismissal of §1983 claim where the Virginia Parole Board relied only on the seriousness of the offense for its decision to deny parole).

because the petition does not state a meritorious claim, and the undisputed record shows that respondent provided Witcher all the process he was due. See Bennett v. Angelone, 92 F.3d 1336, 1347 (4th Cir. 1996) (denying petitioner's request for an evidentiary hearing because he "add[ed] nothing 'additional' to the factual mix already before the district court"). For these reasons, Witcher's Motion for an Evidentiary Hearing and for Summary Judgment will be denied by an Order and judgment issued with this Memorandum Opinion.

Entered this 10th day of May 2022.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

9